# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-17-00469-CR
_____

**VERA LEOMA KIBBE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 15-22531**

### MEMORANDUM OPINION

Pursuant to a plea bargain agreement, appellant Vera Leoma Kibbe pleaded guilty to felony driving while intoxicated. The trial court found Kibbe guilty and assessed punishment at ten years of confinement, then suspended imposition of sentence, placed Kibbe on community supervision for five years, and assessed a $1000 fine. Subsequently, the State filed a motion to revoke Kibbe's community supervision. Kibbe pleaded "true" to two violations of the terms of the community supervision order. The trial court found that Kibbe violated the terms of the

1

community supervision order, revoked Kibbe's community supervision, and imposed a sentence of ten years of confinement.[1]

Kibbe's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 27, 2018, we granted an extension of time for Kibbe to file a *pro se* brief. We received no response from Kibbe.

We reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

---

[1]We note that the trial court's written Judgment Revoking Community Supervision incompletely recites the trial court findings as "True" to counts three and four. The reporter's record from the hearing on the motion to revoke Kibbe's community supervision reflects that the trial court found counts one, two, three, and four to be "true."

[2]Kibbe may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Submitted on June 19, 2018
Opinion Delivered July 11, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.